Christyne M. Martens WSB #7-5044
Assistant United States Attorney
District of Wyoming
P.O. Box 22211
Casper, WY 82602
307-261-5434
christyne.martens@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  v.  **VICTORIA MADIGAN,**  Defendant. | Criminal No. 25-CR-39-SWS |

## GOVERNMENT'S NOTICE OF INTENT TO OFFER EXPERT TESTIMONY

The United States of America hereby submits its notice of intent to offer expert testimony. Fed. R. Crim. P. 16(a)(1)(G). The United States reserves the right to further supplement this notice.

To avoid surprise or confusion to this Court or the Defendant, the United States is giving courtesy notice of its intent to introduce the below-identified testimony. In providing such notice, the United States does not concede that this anticipated testimony is in fact expert testimony subject to Federal Rule of Evidence 702. The United States merely provides this notice out of an abundance of caution.

**Amanda Allard**
**Housing Programs Director**
**Cheyenne Housing Authority**

**Qualifications**: Amanda Allard is the Housing Programs Director with the Cheyenne Housing Authority. Her curriculum vitae, setting forth her relevant education and experience is attached as Exhibit 1. In the last ten years, Ms. Allard has not authored any publications. She has not testified as an expert witness in the last four years.

**Summary of Testimony**: Ms. Allard is expected to testify regarding her role as Housing Department Director for the Cheyenne Housing Authority. In this role, she is responsible for the Cheyenne Housing Authority's administration of housing programs, especially Section 8 housing and the Housing Choice Voucher program. Through her education, training, and experience, she has developed expertise in the area of public housing assistance and administration and the operations of the Cheyenne Housing Authority. She is expected to offer testimony based on this specialized knowledge that will assist the trier of fact in understanding the evidence presented.

She may explain that Section 8 housing derives its name from Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f, which provides that the Secretary of HUD may enter "annual contributions contracts" with public housing agencies (PHAs), through which the PHAs obtain federal funding to enable low-income families to enter the housing market and rent existing dwelling units from private landlords. The Cheyenne Housing Authority is a PHA.

The purpose of Section 8 housing assistance is "to assist the several States and their political subdivisions to remedy the unsafe and unsanitary housing conditions and the acute shortage of decent, safe, and sanitary dwellings for families of lower income." 42 U.S.C. § 1437. Under the program, qualifying tenants pay a portion of their income to a private landlord, and in order to meet market-level rents, the PHA makes additional "assistance payments" to the landlord with the federal funds it receives from HUD.

To participate in the Section 8 program, would-be recipients must apply to the local PHA, here the Cheyenne Housing Authority, which determines eligibility based on a number of financial and family-status factors. If an applicant is selected to participate in the Section 8 program, the local PHA issues the family a voucher. Once a PHA issues a voucher, the recipient may use it to pay the rent for any apartment he or she chooses so long as the landlord participates in the Section 8 program and complies with the program requirements.

Once a landlord agrees to rent to a Section 8 tenant, the two parties enter into a proposed lease agreement for a specified total rent to owner. The parties then present the proposed lease agreement to the PHA for approval. Once the PHA approves the lease: (1) the lease agreement provisions become binding on both the landlord and tenant, and (2) the PHA and the landlord enter into a separate Housing Assistance Payments Contract ("HAP Contract"), a standard and uniform contract promulgated by HUD. The HAP Contract establishes the total rent to the owner, the tenant's portion of the rent, and the amount that the PHA is responsible for.

The application forms used by the Cheyenne Housing Authority explain the Section 8 Housing Choice Voucher Program and the promises the applicants are making to the federal government and the Cheyenne Housing Authority by submitting the application. These forms request a variety of information about family and financial status, which is information necessary to determining eligibility. Among other things, to receive this housing assistance, applicants must identify everyone in their household and all income for the household and supply supporting documentation.

Ms. Allard, along with other witnesses from the Cheyenne Housing Authority, will explain how the Cheyenne Housing Authority interacts with applicants to ensure understanding of the program and its requirements; how it reviews and relies on application materials submitted by applicants; and how it determines eligibility for the Section 8 Housing Choice Voucher Program.

Ms. Allard, along with other witnesses from the Cheyenne Housing Authority, will testify that application materials were received from Victoria Madigan and her household and that the Cheyenne Housing Authority relied on those application materials when determining the eligibility of the Madigan household for assistance under the Section 8 Housing Choice Voucher Program. Ms. Allard, along with other witnesses from the Cheyenne Housing Authority, will testify that had Victoria Madigan and her household supplied accurate information regarding income and assets,

the housing assistance payments (vouchers) for her and her household would have been reduced or terminated.

Approved:   /s/ Amanda Allard
                Amanda Allard

The United States asserts that this notice and the reports which have been provided to the Defendant, as well as the other information provided in discovery, satisfy the requirements of Rule 16(a)(1)(G). If, after viewing this notice and the attachment, the Defendant requests further information or has concerns under Rule 16, the United States requests the Defendant advise as to what further information is necessary to prepare for trial.

In addition to the areas set forth above, the government reserves the right to elicit testimony regarding other matters that may be raised during cross-examination, based on the testimony elicited from the Defendant's experts, if any, or other witnesses, or the evidence introduced by the Defendant. To the extent the Court allows the Defendant the same right, we reserve the right to elicit any additional testimony that this expert is qualified to provide should the need arise based on further developments in preparing for and during the trial.

The United States reserves the right to supplement its notice of expert witness testimony pursuant to the continuing duty to disclose pursuant to Rule 16(a), Federal Rules of Criminal Procedure. Investigations in criminal cases are ongoing and additional evidence may be discovered which may require additional expert witness testimony.

**DATED** this 5th day of May, 2025.

                STEPHANIE I. SPRECHER
                Acting United States Attorney

By:   /s/ Christyne M. Martens
      CHRISTYNE M. MARTENS
      Assistant United States Attorney

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May, 2025, the foregoing **Government's Notice of Intent to Offer Expert Testimony** was electronically filed and consequently served on defense counsel.

>                /s/ Vickie L. Smith
>                UNITED STATES ATTORNEY'S OFFICE